[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13196

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00101-CV-WTM-4

MODIBO KADALIE,

Plaintiff-Appellee,

versus

BOARD OF REGENTS OF THE UNIVERSITY
OF GEORGIA,

Defendant,

CARLTON E. BROWN,
JOSEPH A. SILVER,

Defendants-Appellants.

_____

No. 05-14636

_____

MODIBO KADALIE,

Plaintiff-Appellee,

versus

BOARD OF REGENTS OF THE UNIVERSITY OF GEORGIA,
CARLTON E. BROWN,
JOSEPH A. SILVER,

Defendants-Appellants.

—————————————

Appeals from the United States District Court
for the Southern District of Georgia

—————————————

**(March 3, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This is the opinion in two consolidated appeals stemming from the lawsuit filed by Mobido Kadalie against the Board of Regents of the University System of Georgia, and against Dr. Carlton Brown, and Dr. Joseph Silver, who are the President and Vice-President for Academic Affairs, respectively, of Savannah

State University.

Appeal No. 05-13196 is the appeal of Drs. Brown and Silver from the district court's order denying them qualified immunity. We dismiss that appeal for lack of appellate jurisdiction under the principles espoused in Johnson v. Jones, 515 U.S. 304, 115 S. Ct. 2151 (1995). Given the concession for purposes of summary judgment that the first and second Pickering/Connick factors exist, see Cook v. Gwinnett County School Dist., 414 F.3d 1313, 1315 (11th Cir. 2005), the appeal boils down to an issue of evidentiary sufficiency concerning the entirely factual issue of whether a jury could find that the third and fourth factors exist. Under Johnson we lack interlocutory appellate jurisdiction to review the denial of summary judgment on qualified immunity grounds when the dispute turns on the sufficiency of the evidence to support a jury verdict.

To the extent that a mixed motive issue has been presented, it turns entirely on the factual issue of whether a jury reasonably could find that the defendants took action against the plaintiff for some reason other than, or in addition to, his speech on a matter of public concern. This case is different from Stanley v. City of Dalton, 219 F.3d 1280 (11th Cir. 2000), because there the defendants indisputably were motivated by valid reasons for the action they took against the plaintiff. Here, there is a factual issue on which the mixed motive question turns.

3

Appeal No. 05-14636 is the appeal of the defendants from the district court's grant of a preliminary injunction preventing them from changing the plaintiff's employment status during the pendency of the litigation or until further order of the court. Having carefully considered the reasoning in the district court's order and the arguments of the parties, we are not convinced that the district court abused its discretion in entering the preliminary injunction.

The appeal in No. 05-13196 is **DISMISSED FOR LACK OF JURISDICTION.** The order granting preliminary injunctive relief, which is the subject of the appeal in 05-14636 is **AFFIRMED.**[1]

---

[1]The plaintiff's motion for summary affirmance in No. 05-13196 is DENIED AS MOOT.